United States District Court
Southern District of Texas
FILED
MAY 0 7 2001
Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE JUAN GOMEZ | § | *misc* |
| VERSUS | § | ~~CIVIL~~ COMPLAINT |
| THE UNITED STATES | § | NO: B-00-013 |
| | § | |

**MOTION FOR RETURN OF PROPERTY (MONEY) TAKEN BY TX. STATE TROOPER MR. MAGANA OF THE TX. DEPT. OF PUBLIC SAFETY OFFICE IN VICTORIA, TEXAS.**

This motion is to inform the United States District Court that in 1998, a Texas State Trooper, **Mr. Magana** forfeited my currency after a traffic stop. His actions raised six issues;

(1) The issue of jurisdiction,

(2) tresspassing and violation of Rule 41(e) of the federal rules of Criminal procedure,

(3) Fourth Amendment rights violations,

(4) The seizure of the currency did violate the 4th and 14th Amendment Clauses of the United States Constitution,

(5) Violation of 28 U.S.C. § 1346,

(5) Violation of 28 U.S.C. § 2402.

### JURISDICTION.

The United States District Court has original subject matter jurisdiction under Tucker Act 28 U.S.C. § 1346 under subsection (a)(2) of this section pertaining to claims not exceeding $10,000 in amount to adjudicate several claims against the United States for money damages occassioned by illegal seizures and forfeitures,

**Lee V. Thornton**, D.C. Vt. 1975, 398 F.Supp. 970, reversed on other grounds 538 F. 2d 27. **See, U.S. V. Rapp,** C.A. 8 (IOWA) 1976, 539 F. 2d 1156. **Also, McShane V. U.S.,** (Cal.) 1966, 366 F. 2d 286.

### TRESSPASSING AND VIOLATION OF RULE (41) E.

Rule (41)e of the Federal Rules of Criminal Procedure Provides: "A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that:

(1) The property was illegally seized without warrant, or

(2) The property is not that described in the warrant, or

(3) The property seized is insufficient on its face, or

(4) There was not probable cause for believing the existence of the grounds on which the warrant was issued, or

(5) The warrant was illegally executed.

The Judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial. In this case, **TX. STATE TROOPER MR. Magana** confiscated **$5,600 in U.S. CURRENCY** based on "**SUSPICION**". There is no provision in Federal Law where any citizen could lose his property without due process of law.

### VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS.

The denial of this due process by the "**Trooper**" is a violation of the Fourth and Fourteenth Amendment Clauses of the United States Constitution. The Texas State Trooper searched my car and found

nothing. He called a State Trooper in Brownsville who also informed him that petitioner has no law violation. The above shows a serious violation of the Fourth Amendment Prohibition against unreasonable searches and seizures. Fourth Amendment rights violation claims were within the exclusive jurisdiction of the United States District Court. Therefore, any evidence obtained as a result of any unconstit- utional search and seizure is illegal. In an opinion by **Judge Stewart,J.,** expressing the views of five members of the court, it was held that evidence obtained by **State Officers,** during a search which if conducted by **Federal Officers,** would have violated a defendant's immunity from unreasonable search and seizures under the Fourth Amendment is inadmissible over the defendant's timely objection in a Federal Criminal trial. **Fruits of Prior unlawful Arrest** : if a search or seizure is carried out in such a manner that things seized in the course of the search would be subjected to a motion to suppress under (1) The **Fourth Amendment Provides that** : "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated....", and if as a result of such search and seizure other evidence is discovered subsequently and offered against a defendant, such evidence shall be subjected to a motion to suppress unless the prosecutor establishes that such evidence would probably have been discovered by law enforcement authorities irrespective of such evidence is necessary to deter violations of this code" **U.S. V. $189,825.00** in U.S. currency (10th Circuit 6/3/00). **Velazuez V. U.S.** states : Excessive fine clause is violated by forfeiture since no nexus between forfeited currency and commi-

-3-

ssion of any particularized public offense, thus preventing "Propor- tionality" analysis required by **U.S. V. Bajakajian, 504 U.S. 321, 63 Crl 383 (1998).** Fourth Amendment's Due Process Clause is violated when property is forfeited as **"Proceeds"** of an illegal activity and there is no nexus between forfeited property and commission of any particularized public offense to which a citation, complaint or conviction was received. Petitioner is seeking relief from the **"Civil Asset Forfeiture Reform Act** which allow for release of seized property in some hardship cases; allow indigent claimants to seek attorney's fees; authorize damages actions against the government for harm that occurs to seized property while under the government's control and finally, require government to proceed by warrant or recognized exception to the warrant requirement in seizing property for forfeiture. **Source H.R. 1658 (April 2000).**

### 28 U.S.C. §1346 U.S. AS DEFENDANT.

The District Courts shall have original jurisdiction, concurrent with the United States court of federal Claims, of (2) Any other civil action or claaim against the united States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any Act of Congress or implied contract with the United States, or for Liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort

-4-

which are subject to sections 8(g)(1) and 10(a)(1) of the **Contract Disputes Act of 1978.**

(e) The district courts shall have original jurisdiction of any civil actions against the United States provided in section 6226, 6228(a), 7426, or 7428 (in the case of the United States district court for the District of Columbia) or section 7429 of the Internal Revenue Code of 1986.

### 28 U.S.C. § 2402.

28 U.S.C. § 2402 : Jury trial in actions against the United States : Any action against the United States under section 28 U.S.C. § 1346 shall be tried by the United States under 1346 (a)(1) shall, at the request of either party to such action be tried by the court with jury. Therefore, 28 U.S.C. § 2402 - bars Jury trials in "TUCKER ACT" cases. A jurisdictional matter cannot be waived and can be raised at any time. See **Graham V. Heneger,** 640 F. 2d 734 n..4 (5th Circuit 1981). The forfeited property has to be returned together with the following : the posted costs bond, postage fees, Attorney's fees and recompense for alleged wrong were added to the damages claimed in calculating the amount in controversy based on "TUCKER ACT". ATTorney's fees is provided for by statute in determining the amount of a "TUCKER ACT" claim. The brake down of Amounts is as follows:

| | |
|---|---|
| (1) Approximate Posted Costs Bond | $  560.00 |
| (2) Attorney's fees and Costs | $1,500.00 |
| (3) Forfeited Amount | $5,600.00 |
| (4) Recompense for alleged wrong | $2,200.00 |
| **TOTAL AMOUNT OF CLAIM IN U.S.DOLLARS** | <u>$9,860.00</u> |

## CONCLUSION

For the foregoing arguments and reasons, petitioner respectfully requests that the court should return with compensation the forfeited currency to the claimant without prejudice as soon as possible. When this is done it will go a long way to restore the belief of equality based on due process of law. I pray that the court will comply in accordance with the laws, Acts and Constitution of the United States of America.

                                      Respectfully Submittted,

JOSE JUAN GOMEZ,
Pro-se
FPC-BEAUMONT, UNIT-GB
P.O. BOX 26010
BEAUMONT,
TX. 77720-6010

## CERTIFICATE OF SERVICE.

I hereby certify that 1 (one) correct and 4(four) copies of the foregoing documents were sent by certified mail on the **3rd** day of **May, 2001** to the following:

Clerk of the Court,

U.S.D.Court

Southern District of Texas

105 Federal Building

50 E. 10th

Brownsville, Texas 78520

*[signature]*, Pro-se

PETITIONER'S NAME

Jose      Juan      GOMEZ

#92153-079

FPC-BEAUMONT, UNIT-GB

P.O.BOX 26010

BEAUMONT, TX.77720-6010

-7-