UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

OCT 0 1 2001

| | | |
|---|---|---|
| JOSE JUAN GOMEZ,<br>Plaintiff | § § § | |
| v. | § | MISC COMPLAINT B-01-013 |
| UNITED STATES OF AMERICA,<br>Defendant | § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Jose Juan Gomez has filed a motion for a return of property (money) taken by a Texas State Trooper in Victoria, Texas. The amount of money originally seized from Mr. Gomez was $5,516.00. However, the plaintiff claims that under the "Tucker Act," he is entitled to various other damages totaling $9,860.00. In response, the Government contends that there is no genuine issue of material fact, and thus it is entitled to judgment as a matter of law under Fed. R. Civ. P. 56.

On May 4, 1997, Plaintiff Gomez voluntarily surrendered the seized currency ($5,516.00), which was seized by Officer Rick C. Magana of the Texas Department of Public Safety. On December 29, 1998, a Complaint for Forfeiture was filed. The Complaint was personally delivered to the Plaintiff and his attorney, Angel Castro, on the same day. On May 11, 1999, the government filed a motion for default judgment attaching a publication notice. On June 24, 1999, U.S. District Judge Nancy Atlas signed a Final Judgment of Forfeiture. Plaintiff Gomez filed the current Motion for Return of Property on May 7, 2001.

### ANALYSIS

Generally speaking, the proper place to litigate the legality of the seizure of property is at

1

the forfeiture proceeding.[1] In this case, Mr. Gomez did not comply with the statutory requirements of filing a claim for seeking a judicial determination of the seizure. United States District Judge Nancy Atlas signed a Final Judgment of Forfeiture on June 24, 1999. According to the Federal Rules of Appellate Procedure, a notice of appeal from that Final Judgment needed to have been filed with the district clerk within 30 days of the judgment.[2] Therefore, the proper time to appeal that judgment has long since expired.

Plaintiff Gomez additionally argues that his due process rights had been violated under Rule 41(e) of the Federal Rules of Criminal Procedure, which provides:

> A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion.[3]

However, Rule 41(e) is a rule of criminal procedure and does not apply to the civil forfeiture of property of property for a violation of a federal statute. The Fifth Circuit has ruled that Rule 41(e) can not provide a jurisdictional basis in a civil action.[4] For these reasons, the government moves for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment shall be rendered as a matter of law where the moving party demonstrates there is no genuine issue as to any material fact.[5] The party moving for summary

---

[1] *See* Castleberry v. Alcohol, Tobacco, & Firearms Div., 530 F.2d 672, 675 (5th Cir. 1976). *See also* United States v. Hernandez, 911 F.2d 981, 983 (5th Cir. 1990)(per curiam).

[2] Fed. R. App. P. 4(a)(1).

[3] Fed. R. Crim. P. 41(e).

[4] *See* United States v. Robinson, 78 F.3d 172, 174 (5th Cir. 1996); United States v. Hernandez, 911 F.2d 981, 983 (5th Cir. 1990)(per curiam) (revealing that Rule 41(e) is inapplicable in a suit for the return of property subject to civil forfeiture).

[5] Fed. R. Civ. P. 56(c).

2

judgment need not negate the elements of the nonmovant's case.[6] If the moving party fails to meet this initial burden, the motion must be denied regardless of the nomovant's response. In this case, it is apparent that there are no genuine issues of material fact in the Plaintiff's pleadings. Although he raises six claims, most of them are jurisdictional issues not of consequence to his claim for a return of property. The substantive claims that he does raise can not be authenticated as valid for the abovementioned reasons.

## RECOMMENDATION

For the foregoing reasons, the Government's motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56 should be granted because there is no genuine issue of material fact, and therefore the Government is entitled to a judgment as a matter of law.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judges report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[7]

DONE at Brownsville, Texas this 26th day of September, 2001.

Felix Recio
United States Magistrate Judge

---

[6] *See* Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[7] Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

3